UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

CHOICESTREAM INC.,

        Plaintiff,

v.

LYCOS, INC.,

        Defendant.

Civil Action No. 1:10-cv-10065

---

**COMPLAINT FOR DECLARATORY JUDGMENT
AND DEMAND FOR JURY TRIAL**

For its Complaint, Plaintiff ChoiceStream Inc. ("ChoiceStream"), by its attorneys, alleges as follows:

**INTRODUCTION**

1. This is an action by ChoiceStream against Defendant Lycos, Inc. ("Lycos") for a declaratory judgment that United States Patent No. 6,029,161; United States Patent No. 6,308,175; United States Patent No. 6,314,420; and United States Patent No. 6,775,664 are invalid and have not been infringed by any act of ChoiceStream or ChoiceStream's customers, licensees, or other business affiliates. This action arises out of improper threats of patent infringement made by Lycos against ChoiceStream and its customer and licensee, namely Blockbuster Inc. ("Blockbuster").

**THE PARTIES**

2. ChoiceStream is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business at 210 Broadway, 4th Floor, Cambridge, Massachusetts, within this judicial district.

3. Upon information and belief, Lycos is a Virginia corporation having its principal place of business at 100 Fifth Avenue, Waltham, Massachusetts, within this judicial district.

## JURISDICTION AND VENUE

4. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 & 2202, and the patent laws of the United States, Title 35 United States Code.

5. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper because Defendant Lycos is a corporation doing business within this judicial district and residing in this district within the meaning of 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

7. ChoiceStream provides personalization solutions for entertainment services, electronic retailers, television and mobile phone service providers, and others.

8. Personalization systems are used to provide a customized "one-to-one" environment between a service provider and a user. A service provider can customize and personalize the content presented to a user to assist or recommend a product or service to the user.

9. ChoiceStream developed and licenses a software application called RealRelevance® to provide personalization capabilities that facilitate consumer navigation of vast content areas to find possible choices of interest to the consumer. RealRelevance® accurately collects, estimates and interprets a user's preferences using a small amount of data and presents recommended content to the user based on those preferences.

10. ChoiceStream has successfully provided personalization systems to several service and content providers by showcasing its unique and novel methods of personalizing content to be presented to a user.

11. On February 22, 2000, United States Patent No. 6,029,161, titled "Multi-Level Mindpool System Especially Adapted to Provide Collaborative Filter Data for a Large Scale Information Filtering System" ("the '161 patent"), issued on an application filed in the names of Andrew K. Lang and Donald M. Kosak. A copy of the '161 patent is attached hereto as Exhibit A.

12. The '161 patent indicates that the patent is assigned to Lycos, Inc.

13. On October 23, 2001, United States Patent No. 6,308,175, titled "Integrated Collaborative/Content-Based Filter Structure Employing Selectively Shared, Content-Based Profile Data to Evaluate Information Entities in a Massive Information Network" ("the '175 patent"), issued on an application filed in the names of Andrew K. Lang and Donald M. Kosak. A copy of the '175 patent is attached hereto as Exhibit B.

14. The '175 patent indicates that the patent is assigned to Lycos, Inc.

15. On November 6, 2001, United States Patent No. 6,314,420, titled "Collaborative/Adaptive Search Engine" ("the '420 patent"), issued on an application filed in the names of Andrew K. Lang and Donald M. Kosak. A copy of the '420 patent is attached hereto as Exhibit C.

16. The '420 patent indicates that the patent is assigned to Lycos, Inc.

17. On August 10, 2004, United States Patent No. 6,775,664, titled "Information Filter System and Method for Integrated Content-Based and Collaborative/Adaptive Feedback

Queries" ("the '664 patent"), issued on an application filed in the names of Andrew K. Lang and Donald M. Kosak. A copy of the '664 patent is attached hereto as Exhibit D.

18. The '664 patent indicates that the patent is assigned to Lycos, Inc.

19. Lycos claims to be the owner of the entire right, title and interest in and to the '161 patent, the '175 patent, the '420 patent and the '664 patent (collectively, "the Lycos patents").

20. Through its statements and actions in a pending action titled *Lycos, Inc. v. Tivo, Inc., Netflix, Inc. and Blockbuster Inc.*, Civil Action No. 1:07-cv-11469-MLW (D. Mass. filed on August 9, 2007) ("the *Blockbuster* action"), Lycos indicated its intent to bring an action against ChoiceStream for infringement of the Lycos patents, thus asserting that ChoiceStream and its customers and licensees infringe the Lycos patents including with ChoiceStream's RealRelevance® application.

21. If the Court in the *Blockbuster* action enforces a settlement agreement allegedly made on December 3, 2009, and as purportedly memorialized in draft written settlement agreement prepared by Lycos, then ChoiceStream and its customers will have an implied license to use the alleged inventions claimed in the Lycos patents.

22. There exists an immediate and continuing justiciable controversy between ChoiceStream and Lycos as to the validity and infringement of the Lycos Patents, and ChoiceStream has a reasonable apprehension that Lycos will file an action alleging infringement of the Lycos patents.

## COUNT I

**(Declaratory Judgment of Invalidity and
Non-Infringement of United States Patent No. 6,029,161)**

23. ChoiceStream realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 22 above.

24. ChoiceStream does not infringe and has not infringed any valid claim of the '161 patent.

25. The '161 patent is invalid for failure to comply with the requirements of the patent laws of the United States, Title 35 United States Code, including, *inter alia*, §§ 101, 102, 103 & 112.

## COUNT II

**(Declaratory Judgment of Invalidity and
Non-Infringement of United States Patent No. 6,308,175)**

26. ChoiceStream realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 22 above.

27. ChoiceStream does not infringe and has not infringed any valid claim of the '175 patent.

28. The '175 patent is invalid for failure to comply with the requirements of the patent laws of the United States, Title 35 United States Code, including, *inter alia*, §§ 101, 102, 103 & 112.

## COUNT III

**(Declaratory Judgment of Invalidity and
Non-Infringement of United States Patent No. 6,314,420)**

29. ChoiceStream realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 22 above.

30. ChoiceStream does not infringe and has not infringed any valid claim of the '420 patent.

31. The '420 patent is invalid for failure to comply with the requirements of the patent laws of the United States, Title 35 United States Code, including, *inter alia*, §§ 101, 102, 103 & 112.

### COUNT IV
### (Declaratory Judgment of Invalidity and Non-Infringement of United States Patent No. 6,775,664)

32. ChoiceStream realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 22 above.

33. ChoiceStream does not infringe and has not infringed any valid claim of the '664 patent.

34. The '664 patent is invalid for failure to comply with the requirements of the patent laws of the United States, Title 35 United States Code, including, *inter alia*, §§ 101, 102, 103 & 112.

**WHEREFORE**, ChoiceStream prays that this Court enter Judgment:

A. Declaring United States Patent No. 6,029,161; United States Patent No. 6,308,175; United States Patent No. 6,314,420; and United States Patent No. 6,775,664 invalid and not infringed by any act of ChoiceStream or its agents, licensees, customers, suppliers, vendees, or any others acting on its behalf;

B. Enjoining and restraining Lycos, its officers, agents and employees, and any others acting in concert with them, from asserting or threatening to assert any alleged right arising from United States Patent No. 6,029,161; United States Patent No. 6,308,175; United

States Patent No. 6,314,420; and United States Patent No. 6,775,664 against ChoiceStream or its agents, licensees, customers, suppliers, vendees, or any other acting on its behalf;

    C.    Declaring this to be an exceptional case within the meaning of 35 U.S.C. § 285;

    D.    Awarding ChoiceStream its costs in this action, together with reasonable attorneys' fees; and

    E.    Granting ChoiceStream other relief as is just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff ChoiceStream Inc. demands a trial by jury.

ChoiceStream Inc.

By its attorneys,

*/s/ Jackson Ho*
Michael E. Zeliger (BBO# 633654)
Jeffrey L. Snow (BBO# 566388)
Jackson Ho (BBO# 663413)
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111
(617) 261-3100

Attorneys for Plaintiff
ChoiceStream Inc